# United States Bankruptcy Court

## Northern District of West Virginia

In re __Potomac Construction Equities, LLC_____,
                                    Debtor

Case No. ___3:11-bk-00856_____

Chapter_____11_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 27,327.09 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 185,000.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 3.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 726.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 2 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 12 | | | |
| Total Assets | | | 27,327.09 | | |
| Total Liabilities | | | | 185,729.00 | |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of West Virginia

In re __Potomac Construction Equities, LLC_____,  
                                    Debtor

Case No. __3:11-bk-00856_____

Chapter _____11_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com      Best Case Bankruptcy

In re    **Potomac Construction Equities, LLC**                              ,    Case No.    **3:11-bk-00856**
                                                                Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

| | | | Sub-Total > | **0.00** | (Total of this page) |
| | | | Total > | **0.00** | |

(Report also on Summary of Schedules)

Case 3:11-bk-00855   Doc 73   Filed 05/18/11   Entered 05/18/11 15:31:33   Desc Main
                                    Document      Page 3 of 37

In re   **Potomac Construction Equities, LLC** , Case No.   **3:11-bk-00856**

_____
Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >    **0.00**
(Total of this page)

Case 3:11-bk-00855    Doc 73    Filed 05/18/11    Entered 05/18/11 15:31:33    Desc Main
Document    Page 4 of 37

Best Case Bankruptcy

In re   **Potomac Construction Equities, LLC**                  ,    Case No.   **3:11-bk-00856**

                                         Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Accounts receivable from Potomac Construction Industries, Inc. (uncollectible)** | - | 1,945.09 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Contribution claims against Potomac Construction Leasing, LLC and Potomac Construction Industries, Inc. (uncollectible)** | - | 1.00 |

Sub-Total >       **1,946.09**
(Total of this page)

Sheet  **1**  of 2 continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                        Best Case Bankruptcy

In re  **Potomac Construction Equities, LLC** _____,  Case No. ___3:11-bk-00856_____

Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | **Business Registration Certificate; West Virginia State Tax Department** | - | 1.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1977 Fruehauf Tanker ($5,630.00) and 1975 Butler Tanker ($5,630.00); Debtor's Business Location** | - | 11,260.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | **Storage container ($10,000.00), hot water heater ($3,040.00) and 2 Gabion Forms ($1,080.00); Debtor's Business Location** | - | 14,120.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > | 25,381.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 27,327.09 |

Sheet __2__ of continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    **Potomac Construction Equities, LLC**           Case No.    **3:11-bk-00856**
                                          Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No. | | | | | 2010 or prior Title Liens See attached Exhibit D-1; Also cross-collateralized with vehicles owned by Potomac Construction Leasing, LLC and Potomac Construction Industries, Inc. | | | | | |
| **CNB Bank, Inc. P.O. Box 130 Berkeley Springs, WV 25411** | X | - | | | | | | | | |
| | | | | | Value $       11,260.00 | | | | 185,000.00 | 173,740.00 |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| **0**   continuation sheets attached | | | | | Subtotal (Total of this page) | | | | 185,000.00 | 173,740.00 |
| | | | | | Total (Report on Summary of Schedules) | | | | 185,000.00 | 173,740.00 |

Case 3:11-bk-00855    Doc 73    Filed 05/18/11    Entered 05/18/11 15:31:38    Desc Main Document     Page 7 of 37

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com           Best Case Bankruptcy

Title Liens Held by CNB Bank, Inc.

| Description | Manufacturer | Serial# | Value | Owned By |
|---|---|---|---|---|
| C-13 MIXER | 1987 MACK DM-685-S | 1M2B120C6HA060300 | $12,500.00 | Potomac Construction Industries, Inc. |
| C-14 MIXER | 1987 MACK DM-685-S | 1M2B120C8HA060301 | $12,500.00 | Potomac Construction Industries, Inc. |
| C-20 MIXER | 1985 MACK DM-685-S | 1M2B120C5FA056221 | $7,500.00 | Potomac Construction Industries, Inc. |
| T-80 | 1970 CEMENT HAULER | UNK358407 | $8,000.00 | Potomac Construction Industries, Inc. |
| 61872 | 1973 CEMENT HAULER | UNR463111 | $8,000.00 | Potomac Construction Industries, Inc. |
| 6972 | 2004 Lincoln Navigator | 54MFU28RX4LJ28028 | $14,975.00 | Potomac Construction Industries, Inc. |
| 6973 | 2004 Cadillac SRX | 1GYEE637350225713 | $14,000.00 | Potomac Construction Industries, Inc. |
| 6974 | 2004 Dodge Ram 1500 2X4 | | $10,500.00 | Potomac Construction Industries, Inc. |
| 6986 | 2002 Ford F-150 King Ranch | 1FTRW08L02KD61675 | $6,700.00 | Potomac Construction Industries, Inc. |
| 52209 | 2002 Dodge Ram 3500 | | $5,900.00 | Potomac Construction Industries, Inc. |
| 6979 | 2005 Dodge Ram 2500 4X4 | 1D7HU16N35J502945 | $9,050.00 | Potomac Construction Industries, Inc. |
| 6991 | 2006 Dodge Durango 4.7L V8 4X4 | 1D4HB38N16F131557 | $11,100.00 | Potomac Construction Industries, Inc. |
| 51979 | 2005 Arsenal Trailer | 1A9CG18255G527765 | $3,200.00 | Potomac Construction Industries, Inc. |
| 51981 | 1999 Hudson Trailer 14' | 10HHBC105X1000132 | $1,800.00 | Potomac Construction Industries, Inc. |
| 51982 | Foster Bass Trailer 16' | 4YTES16242W006187 | $1,400.00 | Potomac Construction Industries, Inc. |
| | | | **$127,125.00** | **Potomac Construction Industries, Inc.** |

| Description | Manufacturer | Serial# | Value | Owned By |
|---|---|---|---|---|
| C-26 MIXER | 1994 MACK DM690-SX | 1M2B207C5RM013010 | $9,000.00 | Potomac Construction Leasing, LLC |
| C-31 MIXER | 1994 MACK DM690-S | 1M2B209C6RM013742 | $24,500.00 | Potomac Construction Leasing, LLC |
| C-33 MIXER | 1994 MACK DM-690-S | 1M2B209C3RM013696 | $24,500.00 | Potomac Construction Leasing, LLC |
| C-44 MIXER | 1993 MACK DM-690-S | 1M2B209C4PM011243 | $22,000.00 | Potomac Construction Leasing, LLC |
| C-46 MIXER | 1995 MACK RD-688-S | 1M2P267C95M023649 | $26,000.00 | Potomac Construction Leasing, LLC |
| C-47 MIXER | 1996 MACK RD-688-S | 1M2P267C9TM027203 | $42,000.00 | Potomac Construction Leasing, LLC |
| C-48 MIXER | 1995 MACK RD-688-S | 1M2P267CX5M023627 | $42,000.00 | Potomac Construction Leasing, LLC |
| C-49 MIXER | 1995 MACK RD-688-S | 1M2P267C65M023625 | $42,000.00 | Potomac Construction Leasing, LLC |
| C-53 MIXER | 2004 MACK CV513 | 1M2AG02C04M001702 | $58,000.00 | Potomac Construction Leasing, LLC |
| | | | **$290,000.00** | **Potomac Construction Leasing, LLC** |

| Description | Manufacturer | Serial# | Value | Owned By |
|---|---|---|---|---|
| | 1977 Fruehauf Tanker | | $5,630.00 | Potomac Construction Equities, LLC |
| | 1975 Butler Tanker | | $5,630.00 | Potomac Construction Equities, LLC |
| | | | **$11,260.00** | **Potomac Construction Equities, LLC** |

EXHIBIT
D-1

In re  **Potomac Construction Equities, LLC**                                    Case No.   **3:11-bk-00856**
                                                                                    ,
                                              Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

1    continuation sheets attached

Case 3:11-bk-00855   Doc 73   Filed 05/18/11   Entered 05/18/11 15:31:33   Desc Main
Document      Page 9 of 37

In re   **Potomac Construction Equities, LLC**       Case No.   **3:11-bk-00856**

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community — H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Berkeley County Sheriff's Tax Office**<br>**400 Stephen Street, Suite 209**<br>**Martinsburg, WV 25401** | - | | **2011 or prior**<br><br>**Personal Property Taxes** | | | | <br><br>1.00 | 0.00 | 1.00 |
| Account No.<br><br>**Internal Revenue Service**<br>**400 N. 8th Street, Box 76**<br>**Stop Room 898**<br>**Richmond, VA 23219** | - | | **2011 or prior**<br><br>**Taxes** | | | | <br><br>1.00 | 0.00 | 1.00 |
| Account No.<br><br>**West Virginia State Tax Department**<br>**Legal Division**<br>**Bankruptcy Unit**<br>**P.O. Box 766**<br>**Charleston, WV 25323** | - | | **2011 or prior**<br><br>**Taxes** | | | | <br><br>1.00 | 0.00 | 1.00 |
| Account No.<br><br><br><br> | | | | | | | | | |
| Account No.<br><br><br><br> | | | | | | | | | |

Sheet  **1**   of  **1**   continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | 0.00<br>3.00 | 3.00 |
| Total<br>(Report on Summary of Schedules) | 3.00 | 0.00<br>3.00 |

Case 3:11-bk-00855   Doc 73   Filed 05/18/11   Entered 05/18/11 15:31:33   Desc Main
Document      Page 10 of 37

In re    **Potomac Construction Equities, LLC**                                      ,    Case No.    **3:11-bk-00856**
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No.<br><br>**Branch Banking & Trust Co.**<br>**c/o William L. Hallam, Esq.**<br>**and Louis J. Ebert, Esq.**<br>**25 South Charles Street, Suite 2115**<br>**Baltimore, MD 21201** | X | - | | | **March 2009**<br>**Guaranty of Commercial Loans** | X | X | | **1.00** |
| Account No. **2264**<br><br>**Decker & Company PLLC**<br>**64 Warm Springs Avenue**<br>**Martinsburg, WV 25404** | | - | | | **2011**<br>**Accounting Services** | | | | **725.00** |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

|  |  |
|---|---|
| Subtotal<br>(Total of this page) | **726.00** |

   **0**    continuation sheets attached

| Total<br>(Report on Summary of Schedules) | **726.00** |
|---|---|

Case 3:11-bk-00855    Doc 73    Filed 05/18/11    Entered 05/18/11 15:31:33    Desc Main<br>Document    Page 11 of 37

In re    **Potomac Construction Equities, LLC**        Case No.    **3:11-bk-00856**

                           Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

0

_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                     Best Case Bankruptcy

In re    **Potomac Construction Equities, LLC**                                    Case No.    **3:11-bk-00856**
_____,
                          Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Joanna M. Abbruzzese**<br>**P.O. Box 1914**<br>**Martinsburg, WV 25402** | **Branch Banking & Trust Co.**<br>**c/o William L. Hallam, Esq.**<br>**and Louis J. Ebert, Esq.**<br>**25 South Charles Street, Suite 2115**<br>**Baltimore, MD 21201** |
| **Joanna M. Abbruzzese**<br>**P.O. Box 1914**<br>**Martinsburg, WV 25402** | **CNB Bank, Inc.**<br>**P.O. Box 130**<br>**Berkeley Springs, WV 25411** |
| **John F. Abbruzzese**<br>**P.O. Box 1914**<br>**Martinsburg, WV 25402** | **Branch Banking & Trust Co.**<br>**c/o William L. Hallam, Esq.**<br>**and Louis J. Ebert, Esq.**<br>**25 South Charles Street, Suite 2115**<br>**Baltimore, MD 21201** |
| **John F. Abbruzzese**<br>**P.O. Box 1914**<br>**Martinsburg, WV 25402** | **CNB Bank, Inc.**<br>**P.O. Box 130**<br>**Berkeley Springs, WV 25411** |
| **Michael J. Abbruzzese**<br>**380 May Apple Lane**<br>**Martinsburg, WV 25403** | **Branch Banking & Trust Co.**<br>**c/o William L. Hallam, Esq.**<br>**and Louis J. Ebert, Esq.**<br>**25 South Charles Street, Suite 2115**<br>**Baltimore, MD 21201** |
| **Michael J. Abbruzzese**<br>**380 May Apple Lane**<br>**Martinsburg, WV 25403** | **CNB Bank, Inc.**<br>**P.O. Box 130**<br>**Berkeley Springs, WV 25411** |
| **Potomac Construction Industries, Inc.**<br>**P.O. Drawer 768**<br>**Martinsburg, WV 25402** | **Branch Banking & Trust Co.**<br>**c/o William L. Hallam, Esq.**<br>**and Louis J. Ebert, Esq.**<br>**25 South Charles Street, Suite 2115**<br>**Baltimore, MD 21201** |
| **Potomac Construction Industries, Inc.**<br>**P.O. Drawer 768**<br>**Martinsburg, WV 25402** | **CNB Bank, Inc.**<br>**P.O. Box 130**<br>**Berkeley Springs, WV 25411** |
| **Potomac Construction Leasing, LLC**<br>**P.O. Drawer 768**<br>**Martinsburg, WV 25402** | **Branch Banking & Trust Co.**<br>**c/o William L. Hallam, Esq.**<br>**and Louis J. Ebert, Esq.**<br>**25 South Charles Street, Suite 2115**<br>**Baltimore, MD 21201** |

1
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

In re **Potomac Construction Equities, LLC** , Case No. **3:11-bk-00856**

Debtor

# SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| **Potomac Construction Leasing, LLC**<br>**P.O. Drawer 768**<br>**Martinsburg, WV 25402** | **CNB Bank, Inc.**<br>**P.O. Box 130**<br>**Berkeley Springs, WV 25411** |

Sheet __1__ of __1__ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of West Virginia

In re    **Potomac Construction Equities, LLC**          Case No.    **3:11-bk-00856**

                               Debtor(s)        Chapter     **11**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

        I, the Member of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **14**   sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date    **May 18, 2011**                      Signature    **/s/ Michael J. Abbruzzese**

                                                     **Michael J. Abbruzzese**
                                                     **Member**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Case 3:11-bk-00855    Doc 73    Filed 05/18/11    Entered 05/18/11 15:31:33    Desc Main
Document      Page 15 of 37

# United States Bankruptcy Court
## Northern District of West Virginia

In re **Potomac Construction Equities, LLC**       Case No.   **3:11-bk-00856**

Debtor(s)      Chapter   **11**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ■

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

    **AMOUNT**            **SOURCE**

---

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$16,500.00** | **2010: Rental Income** |
| **$43,340.00** | **2009: Rental Income** |

Case 3:11-bk-00855    Doc 73    Filed 05/18/11    Entered 05/18/11 15:31:33    Desc Main Document     Page 16 of 37

### 3. Payments to creditors

None
■

*Complete a. or b., as appropriate, and c.*

    a.   *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5. Repossessions, foreclosures and returns

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Case 3:11-bk-00855   Doc 73   Filed 05/18/11   Entered 05/18/11 15:31:33   Desc Main
Document      Page 17 of 37

**6. Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7. Gifts**

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8. Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Magee Goldstein Lasky & Sayers, P.C.**<br>**Post Office Box 404**<br>**Roanoke, VA 24003-0404** | **See SOFA-9, Potomac Construction Industries, Inc.** | |

Case 3:11-bk-00855    Doc 73    Filed 05/18/11    Entered 05/18/11 15:31:33    Desc Main
Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

#### 10. Other transfers

None ☐
a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Chaparral Concrete Equipment LP**<br>**1701 W. Northwest Highway**<br>**P.O. Box 2227**<br>**Grapevine, TX 76099**<br>  **None; Third Party** | **June 10, 2010** | **Coneco Lo-Pro Concrete Plant with transport axles; $56,000.00** |

None ■
b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

#### 11. Closed financial accounts

None ☐
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **BB&T** | **Business checking account -7156; $2.13** | **August 24, 2010** |

#### 12. Safe deposit boxes

None ■
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

#### 13. Setoffs

None ■
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

#### 14. Property held for another person

None ■
List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com

### 15.  Prior address of debtor

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **819 Honeysuckle Drive** | | **2002- 2009** |
| **Martinsburg, WV 25401** | | |

### 16. Spouses and Former Spouses

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

### 18 . Nature, location and name of business

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------------------|-------------------------|
| **David W. Decker, CPA**<br>**Decker & Company, PLLC**<br>**64 Warm Springs Avenue**<br>**Martinsburg, WV 25404-3800** | **November 2006- Present** |
| **Barbara Pichot, Controller**<br>**P.O. Drawer 768**<br>**Martinsburg, WV 25402** | **March 2009- Present** |
| **Sandra Curtis**<br>**P.O. Drawer 768**<br>**Martinsburg, WV 25402** | **October 2009- Present** |
| **Carolyn Ross**<br>**P.O. Drawer 768**<br>**Martinsburg, WV 25402** | **January 1990- January 2010** |

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|-------------------------|

Case 3:11-bk-00855   Doc 73   Filed 05/18/11   Entered 05/18/11 15:31:33   Desc Main
Document      Page 21 of 37

None ☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|
| **David W. Decker, CPA** | **Decker & Company, PLLC**<br>**64 Warm Springs Avenue**<br>**Martinsburg, WV 25404-3800** |

None ☐ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|
| **Branch Banking & Trust Co.**<br>**c/o William L. Hallam, Esq.**<br>**and Louis J. Ebert, Esq.**<br>**25 South Charles Street, Suite 2115**<br>**Baltimore, MD 21201** | **By agreement, the creditor receives an annual financial statement for the Debtor and its affiliates.** |
| **CNB Bank Inc.**<br>**P.O. Box 130**<br>**Berkeley Springs, WV 25411** | **By agreement, the creditor receives an annual financial statement for the Debtor and its affiliates.** |

### 20. Inventories

None ■ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|-------------------|----------------------|----------------------------------------------------------------|

None ■ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|-------------------------------------------------------|

### 21 . Current Partners, Officers, Directors and Shareholders

None ■ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|-----------------------|

None ■ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------------------|-------|------------------------------------------|

### 22 . Former partners, officers, directors and shareholders

None ■ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None ■ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  **May 18, 2011**          Signature  **/s/ Michael J. Abbruzzese**

**Michael J. Abbruzzese**

**Member**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of West Virginia

| In re | **Potomac Construction Equities, LLC** | Case No. | **3:11-bk-00856** |
|---|---|---|---|
| | Debtor(s) | Chapter | **11** |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | | |
|---|---|---|---|
| For legal services, I have agreed to accept | $ | | * |
| Prior to the filing of this statement I have received | $ | | * |
| Balance Due | $ | | * |

**\*See Bankruptcy Case Engagement Agreement attached hereto and incorporated herein.**

2. The source of the compensation paid to me was:

☐ Debtor     ☒ Other (specify):     **Potomac Construction Industries, Inc.**

3. The source of compensation to be paid to me is:

☐ Debtor     ☒ Other (specify):     **Potomac Construction Industries, Inc.**

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d. [Other provisions as needed]
   **See Bankruptcy Case Engagement Agreement attached hereto and incorporated herein.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **See Bankruptcy Case Engagement Agreement attached hereto and incorporated herein.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **May 18, 2011**          **/s/ A. Carter Magee, Jr.**
                                  **A. Carter Magee, Jr.**
                                  **Magee Goldstein Lasky & Sayers, P.C.**
                                  **Post Office Box 404**
                                  **Roanoke, VA 24003-0404**
                                  **540-343-9800  Fax: 540-343-9898**

---

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com
Best Case Bankruptcy

## BANKRUPTCY CASE ENGAGEMENT AGREEMENT

THIS BANKRUPTCY CASE ENGAGEMENT AGREEMENT (the "Agreement") is made by and between POTOMAC CONSTRUCTION INDUSTRIES, INC., POTOMAC CONSTRUCTION LEASING, LLC, AND POTOMAC CONSTRUCTION EQUITIES, LLC (collectively, the "Client") and MAGEE GOLDSTEIN LASKY & SAYERS, P.C. ("MGLS"), this 19th day of April, 2011.

1.  Retainer.  For and in consideration of a SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00) retainer (the "Retainer"), the Client agrees to retain MGLS for legal representation in all matters arising out of or relating to institution and pursuit to completion of chapter 11 bankruptcy proceedings, including confirmation of a plan of reorganization—or in the event the Client cannot be reorganized, an orderly liquidation, entry of a final decree, and a final order closing the bankruptcy case (the "Case"). MGLS' representation is limited to representation of the Client in a chapter 11 proceeding. MGLS will not represent the Client if the Case is dismissed or converted to another chapter under the United States Bankruptcy Code (the "Bankruptcy Code"), unless a separate engagement agreement is executed and additional retainer is paid. MGLS attorneys' fees and expenses are subject to approval by the United States Bankruptcy Court (the "Bankruptcy Court") upon applications duly filed (the "Fee Applications"). Attorneys' fees and expenses incurred by MGLS in this Case prior to confirmation of the Client's plan of reorganization shall be paid by the Client, as approved by an order(s) of the Bankruptcy Court ("Fee Order(s)") upon entry of a Fee Order. Attorneys' fees and expenses incurred by MGLS after confirmation of the Client's plan shall be paid by Client, or its assignee or designee upon presentation of MGLS' invoices.  The Retainer shall be paid as follows:

1

1. $40,000.00 of the Retainer has been received and $35,000.00 is due on the on or before the day before bankruptcy filing (the "Petition Date"). If it is paid on the day before the petition is filed, you will need to wire the funds. Our wire instructions are attached.

2. <u>Approval by Bankruptcy Court.</u> MGLS shall promptly request approval of this Agreement from the Bankruptcy Court pursuant to the applicable sections of the Bankruptcy Code and applicable bankruptcy and local rules. The parties agree that the Retainer is reasonable under the circumstances of this Case. Attorneys' fees and expenses are expected to be more than the Retainer because the nature, extent and complexity of the legal and business issues and circumstances that are expected to arise in this Case.

3. <u>Fees.</u> Client contracts with MGLS for legal services at the hourly rates set forth in **Exhibit 1** for the time expended by MGLS and its professional staff for and on behalf of Client. Attorneys' fees incurred for travel, preparation of MGLS fee applications, orders regarding fee applications, notices and hearings on fee applications, and defending fee and expense applications will be charged to Client at seventy-five per cent (75%) of MGLS' full hourly rates. MGLS represents to Client and Client accepts the representation that the fees and expenses set forth on **Exhibit 1** are the fees and expenses that have been charged by MGLS to its bankruptcy and non-bankruptcy clients since January 1, 2011. MGLS rates are subject to increases at the first of the calendar year.

4. <u>Ordinary Costs and Expenses.</u> All expenses incurred by MGLS on behalf of the Client including, but not limited to, document production and reproduction costs ($.15 per page in-house), charges for long distance telephone calls, conference telephone calls, expedited delivery services, facsimile transmissions ($.25 per page), messenger services, travel at the then current IRS rate for automobile travel, lodging, postage, telegram, and other

ordinary and necessary expenses will be billed to the Client at the actual cost and will be subject to allowance and approval by the Bankruptcy Court. If MGLS uses air travel, MGLS will bill at $275.00 per hour for reimbursement of airtime costs. Allowance and approval of MGLS' expenses will be requested simultaneously with MGLS' request for allowance and approval of attorneys' fees in Fee Applications submitted to the Bankruptcy Court.

5.   Extraordinary Third Party Expenses.     In addition to prompt and timely payment of attorneys' fees and expenses allowed by the Bankruptcy Court, the Client shall pay for extraordinary expenses incurred by MGLS on its behalf. Extraordinary expenses include, but are not limited to, outside copying costs, deposition expenses, witness fees and costs, subpoena fees, service of process fees, court reporter and transcription costs, word processing contractors, and similar out-of-pocket expenses. All such expenses incurred are the Client's responsibility, including any fees and expenses incurred by accountants, actuaries, appraisers, consultants, public relations consultants, special accountants for limited purposes, special counsel, title examiners, and other professional persons that may be employed, subject to the Bankruptcy Court's approval. Such service providers' fees and expenses must be approved by the Bankruptcy Court. The Client is responsible for the payment of all such fees and expenses and shall pay such invoices after approval by the Bankruptcy Court. MGLS shall have no liability for such third party fees and expenses.   In this case, it is likely that the Client will engage a consultant engaged in corporate financial and strategic consulting to consult and advise the Client.   The Client anticipates using someone as its financial consultant in this case.  MGLS is not responsible for consultant's fees and expenses.  Those costs will be borne by the Client.

6.   Bankruptcy Court Approval and Allowance of Fees and Costs.     All attorney's fees and expenses incurred prior to the confirmation of the Client's plan must be approved by the

Bankruptcy Court. Assuming the Bankruptcy Court approves a "first day" request for interim compensation procedures, at least every ninety (90) days after the commencement of the Client's bankruptcy case, MGLS will submit Fee Applications according to a process approved by the Bankruptcy Court seeking the allowance and payment of fees and expenses incurred for legal services rendered to the Client. MGLS Fee Applications will contain an itemized description of all of the services rendered by date, time incurred, timekeeper, amount(s) requested, and actual expenses incurred. Upon filing Fee Applications, MGLS shall simultaneously send an invoice to the Client. The Client shall pay the Bankruptcy Court-approved fees and expenses immediately after entry of the Fee Order approving such Fee Application.

7.    Retainer as Trust Fund.    The parties agree that the Retainer is deemed to be held in trust to secure payment of MGLS' attorneys' fees and expenses. Any interest accruing on the Retainer will be added to the Retainer. If the Client or MGLS notifies the other in writing of a decision to terminate MGLS' representation, the balance of the Retainer may be applied to all accrued but unpaid fees and expenses incurred up to the date of termination, subject to Bankruptcy Court approval and the balance of the Retainer, if any, shall be distributed as the Bankruptcy Court directs.

8.    Identity of Client.    For the purposes set forth in this Agreement, and the Case contemplated herein, MGLS shall represent only the Client and no other party. All duties and responsibilities of MGLS created and imposed by this Agreement shall be owed only to the Client, and not to its board of directors or any officer, director, agent, or employee of the Client, or any other party to these proceedings.  MGLS will not represent Client's current officers, directors, or employees.  Separate counsel should be engaged to represent and advise the officers, directors and managers.

9.     Duties of the Client.  The Client, through its officers and directors shall fully and faithfully cooperate with MGLS at all times and shall use best efforts to provide MGLS with such assistance as requested by MGLS and shall promptly and accurately provide MGLS all information requested by MGLS. Upon MGLS' request, the Client, by its authorized representative, shall timely execute all necessary and appropriate documents that may be required in the course of the Case. Client shall promptly meet with MGLS representatives upon request. A designated representative or representatives of the Client shall appear in person at all conferences, depositions, examinations, hearings, and other meetings, as requested by MGLS. The Client shall fully and conscientiously perform all of the statutory duties of debtor and debtor-in-possession under the United States Bankruptcy Code, and shall timely comply with all reasonable requests for information or reports requested by the Bankruptcy Judge, the Office of United States Trustee, the Clerk of the Bankruptcy Court, MGLS, or any other creditor or party in interest. The Client shall maintain accurate financial records and shall file all monthly and quarterly operating reports when due and shall pay all quarterly fees when due.

10.     Scope of Representation.     With the assistance of the Client's officers, directors and employees, MGLS shall use reasonable efforts to prepare and file with the Bankruptcy Court all necessary and appropriate documents and pleadings in connection with the initiation and prosecution of a the Case. MGLS shall be the final arbiter of "necessary and appropriate documents and pleadings" that will be filed in connection with the Case. MGLS shall represent the Client in accordance with applicable bankruptcy law and rules. MGLS shall appear at hearings for which the Client is required to appear, and shall keep the Client advised of actions or events that arise or that are reasonably anticipated by MGLS to arise with regard to the Case.

11.    Attorney as Representative.    The Client, by its authorized representatives, has authorized A. Carter Magee, Jr., and the law firm of Magee Goldstein Lasky & Sayers, P.C. to represent it in the Case, utilizing legal means and procedures available under the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other applicable state and federal law to restructure the Client's financial affairs.

12.    Extraordinary Expertise.    MGLS will act as Client's bankruptcy counsel. This Agreement does not contemplate the provision of extraordinary legal services outside the ordinary scope of a chapter 11 bankruptcy proceeding for an operating consultant business. This Agreement and MGLS' employment hereunder does not include MGLS providing legal advice or services outside the scope of bankruptcy law and procedure, in areas including, but not limited to, tax, securities, environmental, labor, criminal, or similar matters. Nor does the scope of this engagement include many state law matters. If the Client requires representation in such matters, MGLS will assist Client in engaging special counsel.

13.    "Persons in Control" Excluded.    The following categories of persons or entities as set forth in the Bankruptcy Code are excluded from representation under this Agreement: (a) representation of officers, directors or other "persons in control" in connection with any personal liability; (b) filing of proofs of claim or interest by such "persons in control" in the bankruptcy case; (c) defense of any claims asserted by a creditor, party in interest, creditors' committee, or trustee against such "person in control" for the recovery of excess compensation, insider preferences, fraudulent transfers, set-offs, or for the equitable subordination of claims; (d) assertion or right to assert that any property in the possession of the Client is the personal property of such "person in control"; (e) any effort on the part of such "person in control," either directly or through another person or entity, to purchase any of the property of the estate from the debtor,

debtor-in-possession, or trustee if a sale not in the ordinary course of business is authorized by the Bankruptcy Court; (f) the assertion by any "person in control" of any privilege against self-incrimination; and (g) any other matters which in the exercise of MGLS' professional judgment may create a conflict of interest, an appearance of impropriety, or a legal or moral position not otherwise approved by the rules of professional conduct or applicable federal or state law or rules.

14.     Conflicts of Interest.  In the event a conflict of interest appears, MGLS will notify the Court, the United States Trustee and other parties in interest as soon as reasonably possible, and thereafter shall act in accordance with the rules of professional conduct and applicable law and rules.

15.     Termination of Agreement and Withdrawal from Representation.  MGLS or the Client may terminate this Agreement and the services contemplated hereunder, with or without cause, at any time by delivering to the other party written notification of termination. If MGLS elects to terminate this Agreement, it shall do so in a manner and for reasons consistent with the rules of professional conduct, applicable federal or state law and rules, bankruptcy law and rules, orders of the Bankruptcy Court, or other court of appropriate jurisdiction, and this Agreement. MGLS may withdraw from representation of Client for reasons including, but not limited to:

   ***a.     Non-Payment of Retainer or Fees.***     **To the extent that the Retainer or any fees and expenses are not paid when due or if in its sole discretion MGLS deems itself insecure as to payment of future fees or expenses, MGLS shall have the right to withdraw as counsel for the Client.**

   ***b.     Failure to Cooperate.***     **To the extent that the Client disregards its duties under this Agreement or fails to use its best efforts at all times to cooperate with MGLS and provide MGLS with such assistance as requested by MGLS, MGLS shall have the right to withdraw as counsel for the Client.**

   ***c.     Perpetration of Fraud or Crime.***  **To the extent that the Client: (i) persists in a course of action involving MGLS' services that the MGLS reasonably**

believes is criminal or fraudulent, MGLS shall have the right to withdraw as counsel for the Client; or (ii) has used the lawyer's services to perpetrate a crime or fraud, MGLS shall have the right to withdraw as counsel for the Client;

      *d.*    *Conflict of Interest.*    In the event a conflict of interest appears, MGLS shall have the right to withdraw as counsel for the Client.

      *e.*    *Unreasonably Burdensome Representation.*    In the event the Client chooses to act in a manner repugnant to MGLS, in a manner which MGLS believes to be imprudent, or otherwise renders the representation unreasonably burdensome, MGLS shall have the right to withdraw as counsel for the Client.

      *f.*    *Organization as the Client.*    In the event that any officer, director, or employee of the Client engages in actions, intends to act, or refuses to act in a matter related to the representation that is a violation of a legal obligation to the Client or is a violation of any law which might be imputed to the Client or result in substantial injury to the Client, MGLS shall proceed as is reasonably necessary in the best interest of the Client, but shall have the right to withdraw as counsel for the Client.

      *g.*    *Other Good Cause.*    To the extent any other good cause for withdrawal exists, MGLS shall have the right to withdraw as counsel for the Client.

    16.    <u>Client in Good Standing.</u>    The Client represents that it is in good standing with appropriate federal, state, and other regulatory authorities.

IN WITNESS WHEREOF, the parties hereto affix their signatures.

"CLIENT"
Potomac Construction Industries, Inc.

By: _____

Its: _____CEC_____

Date: ___4-19-11_____

Potomac Construction Leasing, LLC

By: _____

Its: _____Mrmber_____

Date: ___4-19-11_____

Potomac Construction Equities, LLC

By: _____

Its: _____Member_____

Date: ___4-19-11_____

"MGLS"
Magee Goldstein Lasky & Sayers, P.C.

By: _____

Its: _____President_____

Date: ___4/30/11_____

9

# EXHIBIT 1 TO

## BANKRUPTCY CASE ENGAGEMENT AGREEMENT

### MAGEE GOLDSTEIN LASKY & SAYERS, P.C.

### FEE SCHEDULE

### (EFFECTIVE 01/01/10)

| ATTORNEY | HOURLY RATE |
|---|---|
| A. Carter Magee, Jr. | $350.00 |
| Andrew S. Goldstein | 310.00 |
| Kenneth J. Lasky | 310.00 |
| Richard R. Sayers | 300.00 |
| Garren R. Laymon | 185.00 |
| Kent Woods | 185.00 |
| Mark S. Roberts, Bookkeeper | 100.00 |
| Tracy A. Orndorff, Paralegal | 85.00 |
| Jessie A. Coffman, Paralegal | 90.00 |
| Ann Cundiff-Ford, Paralegal | 90.00 |
| Donna Pickett, Paralegal | 85.00 |
| Amanda Meador, Paralegal | 85.00 |

U:\A CLIENTS\Potomac Construction Industries, Inc. 3214\Potomac Construction Industries, Inc. 3214\Bankruptcy Case Engagement Agreement.docx

# United States Bankruptcy Court

## Northern District of West Virginia

In re  **Potomac Construction Equities, LLC**

Debtor

Case No. __3:11-bk-00856__

Chapter __11__

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Joanna M. Abbruzzese** <br> **P.O. Box 1914** <br> **Martinsburg, WV 25402** | **All** | **33.33%** | |
| **John F. Abbruzzese** <br> **P.O. Box 1914** <br> **Martinsburg, WV 25402** | **All** | **33.34%** | |
| **Michael J. Abbruzzese** <br> **380 May Apple Lane** <br> **Martinsburg, WV 25403** | **All** | **33.33%** | |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Member of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date___**May 18, 2011**_____

Signature __/s/ Michael J. Abbruzzese_____

**Michael J. Abbruzzese**
**Member**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C §§  152 and 3571.

Case 3:11-bk-00855    Doc 73    Filed 05/18/11    Entered 05/18/11 15:31:33    Desc Main Document      Page 35 of 37

**0**___  continuation sheets attached to List of Equity Security Holders

# United States Bankruptcy Court
## Northern District of West Virginia

In re   **Potomac Construction Equities, LLC**            Case No.   **3:11-bk-00856**

                                  Debtor(s)        Chapter   **11**

# VERIFICATION OF CREDITOR MATRIX

I, the Member of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **May 18, 2011**                **/s/ Michael J. Abbruzzese**

                                        **Michael J. Abbruzzese/Member**
                                        Signer/Title

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com              Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of West Virginia

In re **Potomac Construction Equities, LLC**                    Case No.   **3:11-bk-00856**

Debtor(s)                                                       Chapter   **11**


## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)


Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for __Potomac Construction Equities, LLC__ in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Joanna M. Abbruzzese**
**P.O. Box 1914**
**Martinsburg, WV 25402**

**John F. Abbruzzese**
**P.O. Box 1914**
**Martinsburg, WV 25402**

**Michael J. Abbruzzese**
**380 May Apple Lane**
**Martinsburg, WV 25403**


☐ None [*Check if applicable*]


**May 18, 2011**                    /s/ A. Carter Magee, Jr.

Date                                **A. Carter Magee, Jr.**

Signature of Attorney or Litigant
Counsel for __Potomac Construction Equities, LLC__
**Magee Goldstein Lasky & Sayers, P.C.**
**Post Office Box 404**
**Roanoke, VA 24003-0404**
**540-343-9800 Fax:540-343-9898**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy