IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:

POTOMAC CONSTRUCTION
INDUSTRIES, INC., et al.

Debtors.

Case No. 3:11-bk-00855
(Chapter 7)
Jointly Administered

AGREED ORDER GRANTING
PARTIAL
MOTION FOR RELIEF FROM STAY

The Motion of CNB Bank, Inc. for Relief from the Stay, or alternatively, for Adequate Protection Payments, (Docket No. 132) (the "Motion") came before the Court pursuant to notice for an initial telephonic hearing on Monday, July 25, 2011. Appearing by telephone before the Court was CNB Bank, Inc. ("Movant" or "CNB"), by .its counsel Charles S. Trump IV and Trump & Trump, L.C. Also appearing before the Court by telephone were Potomac Construction Industries, Inc. (also referred to as "Debtor PCI"), Potomac Construction Equities, LLC (also referred to as "Debtor PCE"), and Potomac Construction Leasing, LLC (also referred to as "Debtor PCL"), (collectively referred to as the "Debtors"), by their counsel, both Kent P. Woods and Brian J. McAuliffe. Appearing before the Court in person was Martin P. Sheehan, Trustee.

The Court notes that in advance of the hearing the Trustee, Martin P. Sheehan, had filed an objection to the part of the relief requested by the Movant (Docket No. 168).

Specifically, the Movant objected to the Motion as it relates to a 2002 Foster Trailer and a 1985 Mack Mixer. The Trustee's objection with respect to the 2002 Foster trailer is based upon the VIN number on the title for the vehicle not matching the VIN number on the Movant's security agreement. The Trustee's objection as to the 1985 Mack Mixer is based upon the security agreement showing it as a different year than 1985. For purposes of this ORDER, the two items to which the Trustee has voiced objection shall be referred to as "the Contested Vehicles." No one other than the Trustee filed any objection to the Motion or the relief sought therein.

Based upon the agreement of the parties, the Court makes the following factual findings and conclusions of law:

1.  The Debtors initiated a Chapter 11 bankruptcy case by filing a Petition with this Court on the 4th day of May, 2011.

2.  Pursuant to this Court's ORDER (Docket #33), these three cases for the three Debtors are being jointly administered.

3.  On or about the 22nd day of December, 2009, CNB made a loan to John F. Abbruzzese, Joanna M. Abbruzzese, and Michael J. Abbruzzese ("the Abbruzzeses") in the amount of $200,000.00. The loan was evidenced by a promissory note (the "Note") calling for the principal sum of $200,000.00 to be repaid by the Abbruzzeses, with interest in six months from the date of its making. A copy of the Note is appended to the Motion as Exhibit #1.

4.  The Abbruzzeses are officers and principals of the Debtors.

5.  The purpose of the loan was for the Abbruzzeses to obtain money to infuse in the Debtors' businesses.

6. Payment of the Note was guaranteed by each of the Debtors under three separate loan guaranty agreements, copies of which are appended to the Motion as Exhibits #2, #3, and #4, respectively.

7. Payment of the Note, and of the Debtors' guarantees of the Note, was secured by security agreements made by each of the Debtors. Copes of the three security agreements are appended to the Motion as Exhibits #5, #6, and #7, respectively.

8. Except for the two Contested Vehicles, about which this Court makes no finding or ruling at this time, CNB's security interest in each of the various vehicles and items of personal property described in its security agreements was perfected with the recordation of CNB's lien on the title to each of the vehicles which carries a title issued by the W.Va. Division of Motor Vehicles and with a UCC financing statement as to the items which do not have titles issued by the W.Va. Division of Motor Vehicles. Copies of the titles and UCC financing statements, evidencing perfection of the security interest of CNB in said items, are attached to the Motion collectively as Exhibit #8 to the Motion (in multiple parts).

9. The Abbruzzeses note (the "Note") has been renewed, most recently on December 22, 2010 (the "Renewal Note"), and its maturity date was June 22, 2011. Although the maximum amount of the loan was reduced in the renewal process from $200,000.00, the amount of the original Note, to $185,000.00, the amount set forth in the Renewal Note, both the original Note and the Renewal Note evidence the same indebtedness, which is secured by the guaranty agreements of the Debtors and the security agreements made by the Debtors. A copy of the Renewal Note is appended to the Motion as Exhibit #9.

10. The Renewal Note is now mature for payment, and it is unpaid.

11. The balance due to CNB on the Renewal Note is $185,000.00, plus accrued interest.

12. No one contested CNB's contention that the value of the collateral securing payment of the Renewal Note and the loan guaranty agreements of the Debtors is less than the amount due to CNB under the Renewal Note, and that accordingly, the Debtors are without equity in the collateral.

13. No one contested CNB's contention that the value of the collateral is declining with the passage of time.

14. The amount of the indebtedness is increasing as interest accrues on the unpaid balance thereof.

15. While the collateral might arguably have been useful or necessary to the Debtors in a reorganization of the Debtors under Chapter 11, the Debtors' cases were converted to a Chapter 7 bankruptcy proceeding by ORDER entered by this Court on the 13th day of July, 2011.

Based upon all of the foregoing, and based upon the agreement of the parties, it is HEREBY ORDERED and ADJUDGED that, pursuant to 11 U.S.C. §362 and LR BK P 4.40, the automatic stay is and terminated in this case as it relates to all of the property described in the Exhibits attached to CNB's Motion, *with the exception of the two Contested Vehicles, to-wit: the 2002 Foster Trailer and the 1985 Mack Mixer.* As to those two items, the Contested Vehicles, the stay is not lifted, and it shall remain in effect until further ORDER of this Court. With respect to the property as to which the stay is

lifted, that CNB shall be and is free to exercise its remedies as to said collateral and liquidate the same, *except for the 2002 Foster Trailer and the 1985 Mack Mixer.*

There was some discussion during the telephonic hearing about whether or not the Trustee would file an adversary proceeding with respect to the two Contested Vehicles to bring about a judicial determination of the question of whether or not CNB is a secured creditor as to these items. Counsel for the Movant indicated to the Court, however, that if permitted some time to research the matter, he might be in a position to agree with the Trustee's position, or conversely persuade the Trustee that the Trustee is not correct, either of which would render an adversary proceeding unnecessary. In any event, it was agreed by the parties, and it is hereby ORDERED that the Motion for Relief from stay will not be scheduled for further hearing before the Court unless and until such time as one of the parties hereto requests further proceedings to be scheduled thereon. The Clerk shall enter the foregoing ORDER as of and for the date and time of entry set forth above.

    /s/ Brian J. McAuliffe
Brian J. McAuliffe,
Co-counsel for the Debtors
WV State Bar #6282
Law Office Brian J. McAuliffe
114 South Maple Avenue
Martinsburg, WV 25401


    /s/ Kent P. Woods
Kent P. Woods,
Co-counsel for the Debtors
Pro Hac Vice
Magee Goldstein Lasky & Sayers, P.C.
P.O. Box 404
Roanoke, VA 24003-0404

      /s/ Martin P. Sheehan
Martin P. Sheehan, Trustee
for the Chapter 7 Estate of
Potomac Construction Industries, Inc., et al.
WV State Bar #4812
41 Fifteenth Street
Wheeling, WV 26003


      I, Charles S. Trump IV, have prepared the foregoing ORDER for entry, and I do hereby certify, as an officer of this Court, that I have been authorized by counsel whose electronic signature(s) are affixed above, to affix said electronic signature(s), and I certify and represent to the Court that counsel whose electronic signature(s) are affixed above have authorized the Court's entry of this ORDER.


      /s/ Charles S. Trump IV
Charles S. Trump IV,
Counsel for CNB Bank, Inc.
WV State Bar #3806
Trump & Trump, L.C.
307 Rock Cliff Drive
Martinsburg, WV 25401